1  Alan Himmelfarb (# 90480)                                    The Honorable Richard Seeborg
   LAW OFFICES OF ALAN HIMMELFARB
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  Tel:  (323) 585-8696
   Fax:  (323) 585-8198                                         *E-FILED 4/25/06*
4
   One of counsel for plaintiff
5
   [Other counsel for the parties
6  listed on signature pages]

7                           UNITED STATES DISTRICT COURT
                           NORTHERN DISTRICT OF CALIFORNIA
8                                 SAN JOSE DIVISION

9

10 JAMES SCRIPPS,                                    Case No. C 06-1221-RS

11                  Plaintiff,
                                                     **STIPULATION AND [proposed]**
12        vs.                                        **ORDER RE: CASE MANAGEMENT**

13 HEWLETT-PACKARD COMPANY,

14                  Defendant.

15

16        WHEREAS, on April 7, 2006, the Court *sua sponte* held that *Okada et al. v. Hewlett-*

17 *Packard Co.*, Case No. C 06-2367-RS (N.D. Cal. filed Apr. 4, 2006) is related to this action; and

18        WHEREAS, *Moser et al. v. Hewlett-Packard Company*, Case No. C 06-2325-EMC (N.D.

19 Cal. filed Mar. 31, 2006) is also pending in this District and also related to the present action

20 (collectively, *Scripps*, *Okada*, and *Moser* are referred to herein as the "Actions"); and

21

22

- 2 -

WHEREAS and counsel for the respective plaintiffs have all concluded that it is in the best interests of the respective parties and absent putative class members that the *Moser* action also be consolidated with this action for all purposes and proceed as contemplated herein; and

WHEREAS, it is anticipated that additional related actions may be transferred to, removed to, or filed in this District; and

WHEREAS, the interests of fair and efficient administration of justice and the avoidance of unnecessary duplicative efforts warrant: (i) consolidation of the Actions, (ii) establishment of an organizational structure for plaintiffs' counsel, and (iii) setting of a status conference to discuss, among other things, schedules for the filing of pleadings, motion practice, and discovery; and good cause appearing therefor;

**The parties, through their counsel, STIPULATE as follows:**

**CONSOLIDATION AND TREATMENT OF SUBSEQUENT ACTIONS**

1. The Court finds that *Moser et al. v. Hewlett-Packard Company*, Case No. C 06-2325-EMC (N.D. Cal. filed Mar. 31, 2006) is a related action pursuant to Civil L.R. 3-12(a) in that the action concerns substantially the same parties, transactions, and events; and it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.  Pursuant to Civil L.R. 3-12(f)(3), the Clerk shall reassign the *Moser* action to this Court and shall notify the parties and the affected judges accordingly.  This Court hereby consolidates the *Okada* and *Moser* actions with the present action for all purposes, under Case No. C 06-1221, and the Actions shall be referred to herein as the Consolidated Action.

2. The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

3. Each document filed or served by a party to the Actions or the Consolidated Action shall bear the following caption:

| In re HEWLETT-PACKARD CO. POWER-PLUG LITIGATION | Case No. C 06-1221 |
|---|---|

4. The terms of this Order shall apply to all actions later instituted in, removed to, or transferred to this District that involve the same or substantially similar issues of law and fact, subject to the following procedures:

    a. When such a case is filed in, removed to, or transferred to this District, the Clerk of the Court shall:

        (1) File a copy of this Order in the separate file for such action;

        (2) provide a copy of this Order by mail or electronically pursuant to the local rules to counsel for plaintiff(s) and defendant(s) in the newly filed or transferred action; and

        (3) make an appropriate entry on the docket for the Consolidated Action.

    b. Each new case that arises out of the subject matter of the Consolidated Action that is filed in, removed to, or transferred to this District shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party in such newly-filed, removed, or transferred action objects to consolidation, as provided for

1    herein, or any provision of this Order, within ten (10) days after the date upon which a

2    copy of this Order is served on counsel for such party, by filing an application for relief

3    and this Court deems it appropriate to grant such application.

4    5.    Counsel in the Consolidated Action shall call to the attention of the Court and the

5 Clerk the filing, removal, or transfer of any case which might properly be consolidated with the

6 Consolidated Action.  Mailing or other delivery of a copy of this Order by defendant's counsel

7 or Plaintiffs' Co-Lead Counsel (see below) to counsel in any newly filed, removed, or

8 transferred action shall constitute valid notice thereof for purposes of establishing the

9 applicability of this Order to such action in accordance herewith.

10    6.    A status conference is set for  July 19, 2006  at  2:30  p.m.  The agenda for the

11 status conference shall include a schedule for the filings of pleadings or other motion practice, a

12 discovery plan, the potential for alternative dispute resolution and/or settlement, and such other

13 matters as the parties or the Court deem appropriate.

14    **CONSOLIDATED COMPLAINT AND RESPONSE THERETO**

15    7.    In the Consolidated Action, all plaintiffs will jointly file, within 40 days after entry

16 of this Order, a consolidated complaint, which will be the only proposed class complaint to

17 which defendant will respond.

18    8.    Defendant need not separately respond to the complaints in the separate Actions or

19 other actions subsequently consolidated pursuant to the terms of this Order.  Defendant shall

20 answer or otherwise respond to the consolidated complaint within 30 days after service of such

21 consolidated complaint or as otherwise agreed to by counsel.  Defendant's response to the

22

consolidated complaint shall be deemed to be their response to any later filed complaint in any action that is thereafter consolidated with the Consolidated Action.

**ORGANIZATION OF PLAINTIFFS' COUNSEL**

9. Under Federal Rule of Civil Procedure 23(g)(2), *inter alia*, Interim Class Counsel and Plaintiffs' Co-Lead Counsel shall be Kamber & Associates, LLC; Faruqi & Faruqi, LLP; and Law Offices of Clifford A. Cantor, P.C. ( collectively, "Co-Lead Counsel").  Co-Lead Counsel, acting on behalf of plaintiffs, shall have the following duties:

    a. To coordinate all proceedings, including preparing, structuring, and presenting pretrial and other management-related orders;

    b. To encourage full cooperation and efficiency among all counsel;

    c. To create any necessary committees and appoint committee chairs and otherwise delegate responsibilities for specific tasks in a manner to assure that pretrial and trial preparation is conducted effectively, efficiently, and economically;

    d. To delegate work responsibilities and monitor the activities of counsel to assure that schedules are met and unnecessary expenditures of time and expense are avoided;

    e. To act as spokespersons at all court conferences (either personally or by designee);

    f. To call meetings of themselves and/or other counsel as appropriate or necessary from time to time;

    g. To initiate and conduct settlement negotiations with counsel for the defendant;

- 5 -

h. To determine plaintiffs' position on all matters arising during this litigation (after such consultation with other counsel as they deem appropriate) and present such position orally and/or in writing to the Court and opposing parties (either personally or by designee);

i. To consult with and employ experts, as necessary;

j. To initiate, coordinate, and conduct discovery;

k. To represent plaintiffs at trial and on any appeal of this matter, with the assistance of other counsel as they deem appropriate;

l. To allocate and assign tasks among plaintiffs' counsel, as they deem appropriate;

m. To submit a fee application on behalf of plaintiffs' counsel and allocate any fees that may be awarded by the Court; and

n. To perform such other duties as are necessary in connection with proper coordination of the prosecution of this litigation.

10. Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel as well as the spokespersons for plaintiffs' counsel, except to the extent Co-Lead Counsel designate otherwise. All agreements reached by defendant with the Co-Lead Counsel shall be binding on all other plaintiffs' counsel in the Consolidated Action.

11. Co-Lead Counsel are hereby designated as the counsel for plaintiffs in the Consolidated Action upon whom all notices, orders, pleadings, motions, discovery, and memoranda relating to the Consolidated Action shall be served, and defendants shall effect

service of papers on plaintiffs in the consolidated Action by serving each of the Co-Lead Counsel.

12. No motion or request for discovery shall be served or filed by plaintiffs, or other pretrial proceedings initiated by plaintiffs, except by or with the authorization of Co-Lead Counsel.

13. Plaintiffs' Co-Liaison Counsel shall be Bramson, Plutzik, Mahler & Birkhaeuser LLP and Law Offices of Thomas D. Mauriello (collectively, "Co-Liaison Counsel").

14. Co-Liaison Counsel, acting on behalf of plaintiffs, shall have the following duties:

   a. To liaise with the Court and/or local counsel for defendant, as designated by Co-Lead Counsel;

   b. To conduct local activities, as designated by Co-Lead Counsel;

   c. To receive and, as appropriate, distribute to co-counsel (to recipients to be agreed upon) notices and orders from the Court and documents from opposing parties or their counsel;

   d. To establish and maintain a document depository, to the extent designated by Co-Lead Counsel; and

   e. To maintain an up-to-date list of actions and counsel available to the Court and all plaintiffs' counsel upon request.

15. The organization structure set forth in this section applies to all plaintiffs' counsel in the Consolidated Action, including plaintiffs' counsel in any action subsequently governed by this Order.

1. 16. No communications (i) among plaintiffs' counsel, or (ii) between any of Co-Lead Counsel or Co-Liaison Counsel and any plaintiff, shall be taken as a waiver of work-product protection or the attorney-client privilege.

### ADMISSION OF ATTORNEYS AND APPEARANCE

17. Each attorney acting as counsel for any party to the Consolidated Action who is a member in good standing of the bar of any United States District Court shall be deemed admitted *pro hac vice* before this Court, without further action, upon payment of the admission fee, in connection with these proceedings.

### MODIFICATION OF THIS ORDER

18. This Order may be modified, supplemented or superseded by order of the Court or upon application of any party for good cause shown.

### REQUEST FOR ENTRY OF ORDER

19. The parties jointly request that the Court enter the subjoined order. Notice of presentation is waived.

**IT IS SO STIPULATED.**

*Defendants*                                         *Plaintiffs*

MORGAN, LEWIS & BOCKIUS LLP                          LAW OFFICES OF ALAN HIMMELFARB

By:_____  _____              By: _/s/ Alan Himmelfarb_____  _____
   Howard Holderness            Date                     Alan Himmelfarb            Date
   Thomas R. Green                                   2757 Leonis Blvd.
One Market Plaza                                     Los Angeles, CA 90058
Spear Street Tower                                   Tel: (323) 585-8696
San Francisco, CA 94105                              Fax: (323) 585-8198
Tel: (415) 442-1000

16. No communications (i) among plaintiffs' counsel, or (ii) between any of Co-Lead Counsel or Co-Liaison Counsel and any plaintiff, shall be taken as a waiver of work-product protection or the attorney-client privilege.

## ADMISSION OF ATTORNEYS AND APPEARANCE

17. Each attorney acting as counsel for any party to the Consolidated Action who is a member in good standing of the bar of any United States District Court shall be deemed admitted *pro hac vice* before this Court, without further action, upon payment of the admission fee, in connection with these proceedings.

## MODIFICATION OF THIS ORDER

18. This Order may be modified, supplemented or superseded by order of the Court or upon application of any party for good cause shown.

## REQUEST FOR ENTRY OF ORDER

19. The parties jointly request that the Court enter the subjoined order. Notice of presentation is waived.

**IT IS SO STIPULATED.**

| *Defendants* | *Plaintiffs* |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP | LAW OFFICES OF ALAN HIMMELFARB |
| By: /s/ Howard Holderness   04/19/06<br>  Howard Holderness    Date<br>  Thomas R. Green<br>One Market Plaza<br>Spear Street Tower<br>San Francisco, CA 94105<br>Tel: (415) 442-1000 | By:_____  _____<br>  Alan Himmelfarb    Date<br>2757 Leonis Blvd.<br>Los Angeles, CA 90058<br>Tel: (323) 585-8696<br>Fax: (323) 585-8198 |

- 8 -
STIPULATION AND [proposed] ORDER RE: CASE MANAGEMENT

| | |
|---|---|
| Fax: (415) 442-1001 | KAMBER & ASSOCIATES, LLC |
| MORGAN, LEWIS & BOCKIUS LLP | |
| Michael J. Holston | By:/s/ Scott A. Kamber        04/19/06 |
| John F. Schultz |     Scott A. Kamber          Date |
| 1701 Market St. | 19 Fulton St., Ste. 400 |
| Philadelphia, PA 19103 | New York, NY 10038 |
| Tel: (215) 963-5385 | Tel: (877) 773-5469 |
| Fax: (215) 963-5001 | Fax: (212) 202-6364 |
| *Counsel for Hewlett-Packard Company* | *Counsel for James Scripps* |

                                          \*   \*   \*   \*   \*

BRAMSON, PLUTZIK, MAHLER
  & BIRKHAEUSER LLP

By: /s/ Alan R. Plutzik
    Alan R. Plutzik          Date
2125 Oak Grove Rd., Ste. 120
Walnut Creek, CA 94598
Tel: (925) 945-0200
Fax: (925) 945-8792

FARUQI & FARUQI

By:_____  _____
    Nadeem Faruqi           Date
    Antonio Vozzolo
320 East 39th St.
New York, NY 10016
Tel: (212) 983-9330
Fax: (212) 983-9331

*Counsel for Allen Moser, Jr. & Christopher Wu, individually and on behalf of all those similarly situated*

                                          \*   \*   \*   \*   \*

| | |
|---|---|
| Fax: (415) 442-1001 | KAMBER & ASSOCIATES, LLC |
| MORGAN, LEWIS & BOCKIUS LLP | By:_____  _____ |
| Michael J. Holston | Scott A. Kamber         Date |
| John F. Schultz | 19 Fulton St., Ste. 400 |
| 1701 Market St. | New York, NY 10038 |
| Philadelphia, PA 19103 | Tel: (877) 773-5469 |
| Tel: (215) 963-5385 | Fax: (212) 202-6364 |
| Fax: (215) 963-5001 | |
| *Counsel for Hewlett-Packard Company* | *Counsel for James Scripps* |

\* \* \* \* \*

BRAMSON, PLUTZIK, MAHLER
  & BIRKHAEUSER LLP

By: /s/ Alan R. Plutzik        _____
    Alan R. Plutzik         Date
2125 Oak Grove Rd., Ste. 120
Walnut Creek, CA 94598
Tel: (925) 945-0200
Fax: (925) 945-8792

FARUQI & FARUQI

By: [signature]               4-19-06
    Nadeem Faruqi              Date
    Antonio Vozzolo
320 East 39th St.
New York, NY 10016
Tel: (212) 983-9330
Fax: (212) 983-9331

*Counsel for Allen Moser, Jr. & Christopher Wu, individually and on behalf of all those similarly situated*

\* \* \* \* \*

```
                    LAW OFFICES OF
                      THOMAS D. MAURIELLO

                    By: /s/ Thomas D. Mauriello            _____
                         Thomas D. Mauriello                  Date
                    100 Pine Street, Suite 3200
                    San Francisco, CA 94111
                    Tel: (415) 677-1238
                    Fax: (415) 677-1233

                    LAW OFFICES OF
                      CLIFFORD A. CANTOR, P.C.

                    By: /s/ Cliff Cantor                   4/19/06
                         Clifford A. Cantor                  Date
                    627 208th Ave. SE
                    Sammamish, WA 98074-7033
                    Tel: (425) 868-7813
                    Fax: (425) 868-7870
```

*Counsel for Keaka Okada & Robyn Greaves, individually and on behalf of all others similarly situated*

\* \* \* \* \*

## ORDER

**IT IS SO ORDERED.**

Dated: April 25, 2006.

_____
HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT COURT

STIPULATION AND [proposed] ORDER RE: CASE MANAGEMENT